UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ISRAEL JABRON BRANDON #269552,

        Plaintiff,         Case No. 2:09-cv-179

v.         Honorable R. Allan Edgar

D. BERGH, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Israel Jabron Brandon #269552, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Former Warden D. Bergh, Former Acting Deputy Warden L. Rutter, Resident Unit Manager D. McBurney, Assistant Resident Unit Supervisor P. Carberry, Lieutenant G. Taylor, Sergeant T. Lee, Resident Unit Officer Unknown Bone, and Resident Unit Officer K. Hill.

Plaintiff alleges in his complaint that on March 26, 2006, prisoner Mobley, to whom Plaintiff had been giving legal assistance, slid his "fishing line" across the hall and under Plaintiff's cell door to collect his legal documents from Plaintiff. The fishing line was constructed of thread attached to a magnet, which was approximately ¾ inch by 6 inches in size. Several trips were necessary to transfer the documents from Plaintiff to prisoner Mobley. After retrieving the last of the documents, but before completely retracting the fishing line, a guard was heard to be approaching. Defendant Bone observed prisoner Mobely snatch the fishing line from Plaintiff's cell door where it had stuck and rushed over to Mobley's door. Defendant Bone grabbed the line and began pulling it until it snapped in his hand. Defendant Bone informed Defendant Lee of the incident, which resulted in an order to search Plaintiff and Mobley's cells.

Defendant Bone then shut off the wash basins and toilets in the cells, and removed prisoner Mobley from his cell. The search of prisoner Mobley's cell failed to yield any contraband.. Thereafter, Defendants Bone, Hill and Lee removed Plaintiff from his cell and escorted him to the shower stall, where he was locked during the shakedown. Plaintiff saw Defendant Hill exit his cell with his mattress and place it in the hallway, at which point Plaintiff began yelling that he was being

set up. Plaintiff yelled that his mattress was in the same condition as it had been when he moved into the cell and that he had previously informed Defendant Bone and others of the mattress' condition, and had been told not to worry about it. After the shakedown, Plaintiff objected to the taking of his mattress, yelling that he was entitled to a substitute per policy. Defendant Hill told Plaintiff to enjoy sleeping on his "slab." Defendant Bone then improperly sought the implementation of a mattress restriction from Defendants Lee and Taylor, who approved a 30 day restriction. Plaintiff suffered from pain in his hips and body as a result of sleeping on the floor, and wrote letters of complaint to Defendants Lee, Bergh, Rapelje, Rutter, McBurney, Carberry, and Taylor, to no avail. Defendant Carberry responded to Plaintiff's letters by stating that the blanket was his mattress replacement and that it was his own behavior that caused him to lose his mattress. Plaintiff claims that he suffered from severe body aches, chronic nerve entrapment, compression syndrome, neuropathy, and psychological distress as a result of the mattress restriction.

Plaintiff claims that the 30 day denial of a mattress was inhumane and violated his rights under the United States Constitution. Plaintiff seeks damages and equitable relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff's claims are barred by the statute of limitations. This court may, on its own motion, apply the statute of limitations to a § 1983 claim by a prisoner. *See Hardin v. Straub*, 490 U.S. 536, 109 S. Ct. 1998 (1989); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Redd v. Gilless*, 857 F. Supp. 601, 605 (W.D. Tenn. 1994). The Sixth Circuit has held that sua sponte dismissal is appropriate under § 1915(e)(2) when a complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face. *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998); *Day v. E.I. Dupont de Nemours and*

*Co.*, No. 97-6233, 1998 WL 669939, at *1 (6th Cir. Sept. 17, 1998). Federal courts apply state personal injury statutes of limitations to claims brought under §1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-181 (6th Cir. 1990). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.) (per curiam), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330 (1986); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Although state tolling provisions must be applied to § 1983 suits brought by prisoners, *Hardin*, 490 U.S. at 544; *Jones v. City of Hamtrack*, 905 F.2d 908, 909 (6th Cir. 1990), *cert. denied*, 498 U.S. 903 (1990), Michigan's tolling provision for imprisoned persons does not provide plaintiff any additional benefit in this case. *See* MICH. COMP. LAWS § 600.5851(9).

Plaintiff claims that the allegedly illegal mattress restriction was imposed on March 26, 2006, and expired on April 25, 2006. However, the Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available." For this reason, the statute of limitations which applied to Plaintiff's civil rights action was tolled for the period during which his available state remedies were being exhausted. *Brown v. Morgan*, 209 F.3d

595, 596 (6th Cir. 2000) (*citing Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam); *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999)).

A review of the record in this case reveals that Plaintiff filed a step I grievance regarding the seizure of his property on April 23, 2006. Plaintiff appealed the denial of his grievance to step III. Plaintiff has attached a copy of the step III response, which is dated September 25, 2006. Plaintiff claims that the statute of limitations is tolled until that date. However, the step III response states that Plaintiff's step III appeal was filed in an untimely fashion. (*See* Plaintiff's Appendix G.) Policy requires that no more than ninety calendar days may elapse from the filing of the Step I grievance to the Step III response. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ V (effective November 1, 2000). As noted above, Plaintiff's step I grievance was filed on April 23, 2006. Therefore, the grievance process should have been resolved by July 24, 2006. As of that date, Plaintiff could have filed his Section 1983 action. Consequently, Plaintiff had three years from that date, or until July 24, 2009, to file this lawsuit. Plaintiff filed this complaint on August 17, 2009. Therefore, Plaintiff's complaint is barred by the applicable statute of limitations.[1]

Moreover, even if Plaintiff had filed the complaint in a timely manner, his claims are properly dismissed for lack of merit. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the

---

[1] In addition, Plaintiff's claim that he received information regarding additional Defendants in 2008 and filed an amended grievance, which further tolled the statute of limitations lacks merit. According to the attachments to Plaintiff's complaint, that grievance was rejected and was not properly filed pursuant to MDOC policy. (*See* Plaintiff's Appendix G.)

"unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff claims that he was required to sleep on a blanket on the floor for a period of 30 days, which was uncomfortable and caused him to suffer a variety of aches and pains. According to the attachments to Plaintiff's complaint, he was seen by Mary Rose Galloway, R.N., on April 25, 2006, who informed him that health services could not get him a mattress and that he should avoid behaviors leading to a mattress restriction in the future. Plaintiff fails to show that he suffered any serious medical problems as a result of his mattress restriction. Therefore, Plaintiff's Eighth Amendment claim lacks merit.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  12/8/09                                   /s/ R. Allan Edgar
                                                  R. ALLAN EDGAR
                                                  UNITED STATES DISTRICT JUDGE